February 26, 1993
 [Not for Publication]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1828

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 DWIGHT ERIC CHADBOURNE,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Morton A. Brody, U.S. District Judge]
 

 

 Before

 Torruella, Cyr and Stahl,

 Circuit Judges.
 

 

 Jerome B. Goldsmith for appellant.
 
 Margaret D. McGaughey, Assistant United States Attorney, with
 
whom Richard S. Cohen, United States Attorney, and James L. McCarthy,
 
Assistant United States Attorney were on brief for appellee.

 

 

 Per Curiam. Defendant asserts that the district court
 Per Curiam.
 

committed reversible error in its bench-trial ruling precluding

the following inquiry of defendant's expert: 

 Doctor, could that severe manic episode
 you testified Eric suffered from at the time
 of the offense have caused him to have been
 unable to appreciate the nature and quality
 or the wrongfulness of his acts?

For several reasons, we believe the issue defendant attempts to

raise on appeal need not be reached.1

 First, though it sustained the government's Rule 704(b)

objection, the district court did not preclude the quoted inqui-

ry. Rather, the court went on to state: "You can ask the

question for whatever weight the Court wishes to give it. . . ."2

 Second, and more to the point, the district court

expressly found that there was insufficient evidence that defen-

dant suffered from "a severe mental disease or defect" when he

 

 1The sole basis for the appeal is that the district court
misapplied Federal Evidence Rule 704(b), which provides:

 (b) No expert witness testifying with respect to
 the mental state or condition of a defendant in a
 criminal case may state an opinion or inference as to
 whether the defendant did or did not have the mental
 state or condition constituting an element of the crime
 charged or of a defense thereto. Such ultimate issues
 are matters for the trier of fact alone.

Fed. R. Evid. 704(b).

 2The Court further explained: "The point being that it's
the trier of fact that makes that ultimate factual decision and
not the expert under 704."

robbed the bank. Absent an appellate challenge to the district

court's predicate finding, and there is none, there can have been

no error in the exclusion of defense counsel's hypothetical

question.

 Third, all else aside, the ruling is firmly rooted in

Rule 702, which empowers the court to allow expert testimony if

it could "assist the trier of fact to understand the evidence or

to determine a fact in issue. . . ." Fed. R. Evid. 702. As the

trier of fact, the district court judge simply determined that

the proffered expert testimony would not aid its determination of

the ultimate issue. There could be no abuse of discretion in its

Rule 702 exclusion, particularly in view of its invitation to

proceed with the testimony for whatever weight the court might

decide to give it.

 Affirmed.
 

 3